**Chris H. ANDERSEN, Plaintiff,**

**and**

**Herman Atkins; Patrick D. Beckdolt; Anthony Britton; James B. Brouwer; James B. Caldart; Gary L. Costa; Faye I. Dawson; Clifford E. Fellrath; Russell Fick; Bruce C. Fifield; Gary D. Fortin; Karen Hallgren; Steven R. Hardy; Ursula L. Hegge; Richard P. Hine; Christena Hughes; Richard M. Isaacson; Jonathan A. Ivanjack; Jack D. Jessup; James K. Kamada; Jeff E. Katzer; Kris B. Kilbourne; Blaine E. Lassich; Normand E. Lecours; Lester L.T. Letoto; James E. Massingale; Thomas J. Maurer; Richard P. Myers; David Osman; Jonathan L. Ott; Mark**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

A. Parker; Debra L. Prather; Patrick J. Sebald; Laura N. Seibert; Donald L. Snyder; Dwight D. Snyder; Robert Sola; John T. Sparks; Jerry Strieck; Trevor Townsend; Sally L. Vanbeek; Harold P. Whatley; Jerome L. Zillmer; Tidd Ballou, Plaintiffs–Appellants,

v.

CITY OF EVERETT, a Municipal Corporation, Defendant–Appellee.

No. 99–35338.

D.C. No. CV–96–01914–WDM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 2000.

Decided June 26, 2001.

Before FERGUSON, KLEINFELD, HAWKINS, Circuit Judges.

MEMORANDUM *

Members of the Everett Police Department (the "Officers"), seeking compensation for pre- and post-shift time spent at the parking depot (the "Service Center") and police station, sued the City of Everett (the "City") in U.S. District Court for minimum wage and overtime violations of the Fair Labor Standards Act ("FLSA") and the Washington Minimum Wage Act. Following two bench trials, the district court dismissed the claims of all plaintiff Officers with prejudice. The Officers now appeal the district court's application of the FLSA overtime provisions, 29 U.S.C.A. § 207. We affirm the district court's dismissal.

As a preliminary matter, we note that the Officers' brief challenged virtually none of the district court's findings of fact for clear error. These findings of fact included conclusions that most contested activities take "a few seconds" to perform or were expected to be performed during the Officers' paid shifts and that the testimony of the Officers "was not believable." Even assuming that the district court's findings were implicitly challenged through the Officers' many legal challenges, they have not shown that the district court committed clear error in making these findings. The Officers therefore failed to establish "as a matter of just and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

reasonable inference," *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), the amount and extent of any extra-shift work performed, which was their burden to do before the district court could shift the burden to the City to account for inaccurate record keeping.

The remaining issues in the case are controlled by our decisions in *Lindow v. United States*, 738 F.2d 1057, 1060–64 (9th Cir.1984), *Berry v. County of Sonoma*, 30 F.3d 1174, 1180–82 (9th Cir.1994), and *Adair v. City of Kirkland*, 185 F.3d 1055, 1059–62 (9th Cir.1999).

The judgment of the district court is AFFIRMED.